HUGH WHITE, Respondent, v. ISAAC LOWENBERG, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. **Instruction**: WITNESS SWEARING FALSELY: MATERIAL FACT. An instruction telling the jury if they believe any witness has willfully sworn falsely they are at liberty to disregard the whole of his testimony, is fatally faulty in not confining the false swearing to a material fact.

2. ————: ————: DISCRETION OF COURT. Instructions calling attention to the veracity of witnesses are not favored by the courts, and the propriety and necessity is left largely with the discretion of the trial courts, and when given they should be drawn so as to confine their application to material facts.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Ryan & McDonald* for appellant.

The court erred in giving plaintiff's first instructions as to credibility of witnesses. This class of instructions is never proper in such cases as the one at bar. The most that could be said in reference to the testimony of defendant Lowenberg, against whom the force of said instruction was directed, was that it was in contradiction to that of another witness, who was an attor-

ney for plaintiff. Our courts have said that such instructions ought not to be given in such cases. *State v. Cushing*, 29 Mo. 217; *State v. Stone*, 31 Mo. 406; *Bank v. Murdock & Armstrong*, 62 Mo. 74; *White v. Maxcy*, 64 Mo. 559. Even though such instructions could be considered as proper in this case, yet the instruction as given is fatally defective in failing to state that the jury in order to disregard a witness' testimony must believe "that he willfully swore falsely to a material fact in the case."

*Charles F. Strop* for respondent.

The case was fairly presented to the jury, but if there is any error in the record upon a view of the whole case, it is manifest that the judgment is for the right party and it should not be reversed, even though error may have intervened. *Bassett v. Glover*, 31 Mo. App. 150; *State to use v. Benedict*, 51 Mo. App. 651.

ELLISON, J.—This action is on an account for work and labor in building a wall. Plaintiff recovered, and defendant appealed. There was contradictory testimony at the trial—each party having evidence tending to support their respective contentions. The court gave, at the instance of plaintiff, the following instruction to the jury: "The court instructs the jury that they are the sole judges of the weight of the evidence and the credibility of the witnesses, and if they believe that any witness has willfully sworn falsely, they are at liberty to disregard the whole of his testimony."

It will be noticed that this instruction fails to limit the false testimony to any substantial or material fact in the case. It authorizes the jury to disregard the entire testimony of any witness whom they may believe has sworn falsely as to any statement he may have

made, whether it may be some matter properly in the case and affecting its decision, or some matter which may have been inadvertently or improperly drawn out.

Instructions of this nature are not looked upon with much favor by the courts (*Iron Mountain Bank v. Murdock*, 62 Mo. 74), yet their propriety or necessity in the given case is left largely with the discretion of the trial court. *White v. Maxcy*, 64 Mo. 559; *State v. Hickam*, 95 Mo. 332. But, when asked in cases where the court deems it proper to give them at all, they should not be drawn so as to suggest to the jury that they might disregard the entire testimony of a witness who had sworn falsely as to some trivial matter, possibly disconnected from the case. The instruction as given in this case is so wide a departure from the form in which such instructions have been approved that we feel constrained to disapprove it.

Of the remaining objections it is sufficient to say, after a careful examination, that we think there was evidence sufficient to support the verdict. Nor do we approve of the view presented by the appellant as to the other instructions. The court's action as to them we believe to be correct.

For the error mentioned, the judgment will be reversed and the cause remanded. All concur.