JESSIE E. McMANUS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. STREET RAILWAYS: Negligence: Wreck: Evidence: Jury. Evidence relating to the injury of the plaintiff resulting from her leaving a moving street car in fright caused by the alleged negligence of a gripman in failing to stop the car as it was approaching a wreck partially concealed by the fog, is reviewed and held sufficient to send the question to the jury, though it turned out that the wreck was on a different track than the one plaintiff's car was on.

2.. ——: ——: ——: ——: Instruction. An instruction submitting the whole case is reviewed and held not subject to the objection that it omits conditions essential to plaintiff's recovery, nor to the objection of assuming essential facts.

3. ____: ____: ____: **Instruction.** Certain instructions relating to the actions of a passenger in leaving a street car through fright caused by the car approaching a wreck partially concealed by the fog, are considered and held rightly refused for reasons assigned.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1) The court erred in submitting the case to the jury. On the pleadings and evidence the plaintiff cannot recover, hence the demurrer and peremptory instructions were improperly overruled. Thompson v. Railroad, 135 Mo. 217; Chitty v. Railroad, 148 Mo. 74; Yall v. Gilham, 187 Mo. 408; Lowenstein v. Railroad, 110 Mo. App. 688; Kleiber v. Railroad, 107 Mo. 249; Hite v. Railroad, 130 Mo. 141. (2) The court erred in giving instructions 1, 2, 3 and 4 as requested by plaintiff. They are erroneous and misleading. (a) Number one ignores the pleadings and evidence. Lowenstein v. Railroad, 110 Mo. App. l. c. 688; Chitty v. Railroad, 148 Mo. 64; Garven v. Railroad, 100 Mo. App. 617; Land Co. v. Moss, 87 Mo. App. l. c. 177-8. Restricts the issues. Mensur v. Botts, 80 Mo. 651; Greer v. Parker, 85 Mo. 107. Not based on evidence. Bowles v. Lewis, 58 Mo. App. 649; Price v. Railroad, 77 Mo. 377; Mateer v. Railroad, 105 Mo. 320; Bank v. Murdock, 62 Mo. 73; Hoffman v. Parry, 23 Mo. App. 20; Carroll v. Railroad, 60 Mo. App. 465; Mallman v. Harris, 65 Mo. App. 127; Raysdon v. Trumbo, 52 Mo. 35. (b) Number two—Same objections and authorities. (3) The court erred in refusing to give instructions requested by defendant. They correctly declare the law, and are applicable to the facts in the case, viz., 3, 4, 5, 6 and 7 (96-7). They negative plaintiff's peti-

tion and evidence. Kleiber v. Railroad, 107 Mo. 249. They correctly declare the law and are in accord with the pleadings and evidence. Campbell v. Railroad, 175 Mo. 185; Murray v. Railroad, 176 Mo. 191.

*Walsh & Morrison* for respondent.

(1)  The demurrer to the evidence was properly overruled. Kleiber v. Railroad, 107 Mo. 240; Bischoff v. Railroad, 121 Mo. 224; Ephland v. Railroad, 57 Mo. App. 166 l. c.  (2) There was no failure of proof of any material fact. R. S. 1899, secs. 655, 656, 798; Ridenhour v. Railroad, 102 Mo. 285; Werner v. Railroad, 81 Mo. 372 l. c.; Litton v. Railroad, 85 S. W. 978; Railroad v. Realty Co., 159 Mo. 567; Dutro v. Railroad, 86 S. W. 915. (3) There was no error in instructions for plaintiff. (See authorities under 1 and 2.) (4) There was no error in refusing instructions asked by defendant.

ELLISON, J.—The plaintiff was a passenger on one of defendant's street cars in Kansas City. She charges that she received personal injuries in consequence of the negligence of defendant's servants, who were in charge of the car. She recovered judgment in the trial court.

The defendant challenges the plaintiff's case as being not sufficiently made out to take the opinion of a jury. We must, therefore, as to that point, consider what was shown by the evidence in plaintiff's behalf. It appears that there is on defendant's line, consisting of a double track, as a part thereof, what is called an "incline," or steep grade, composed in part of a viaduct; and that it is by means of this that defendant's cars are carried from the bluff to what is known as the west bottoms in Kansas City. That, on the morning of November 4th, 1903, there was a wreck caused by collision of two of defendant's cars on this incline, towards the

lower or west end thereof, and that this collision occurred on the south track, a few minutes before the car upon which plaintiff was riding arrived from the east at the top of the incline on the north track. That the wreck could be seen through a fog, which had settled upon that part of the city, though it was not distinguishable, specifically, as a wreck of cars. Plaintiff saw it as "a dark body that seemed to her as a wreck." At this time, people along the street began to cry out to defendant's gripman to stop the car, that there was "a wreck down there." The gripman gave no heed to the warning and made no effort to stop until he had run one-half block further. The passengers became alarmed and panic stricken and began jumping off the car, when the plaintiff also became alarmed. She thought there was a collision and that, to use her own language, "I thought if I went down there I would be killed and so I jumped." When she saw the dark body down the incline, she saw "people running and screaming." The gripman finally stopped the car within twenty-five or thirty feet of the wreck. There was evidence tending to show that he could have stopped it within a space of fifty feet. There was much other testimony, but what we have stated is amply sufficient to justify the court in refusing defendant's demurrer to the evidence. [Kleiber v. Railroad, 107 Mo. 240; Bischoff v. Railroad, 121 Mo. 224; Ephland v. Railroad, 57 Mo. App. 147.] And this is true, though in point of fact the wreck was not so much on the north track as to have endangered the car, on which plaintiff was, had it not stopped. In the case last cited, the danger or peril, in which Ephland thought himself, when he jumped from a moving train was not real, yet having been alarmed and thrown into a panic by the negligent conduct of the railroad brakeman in the caboose exclaiming, "For God's sake, jump," it was held the company was liable. That view was approved by the Supreme Court in considering the

same act in McPeak v. Railroad, 128 Mo. 651, 652, and Ephland v. Railroad, 137 Mo. 187. In the case under consideration, it was not so much the cry of people in the street to the gripman that there was a wreck ahead, which alarmed plaintiff, as it was that (as the evidence tends to show) he did not stop, nor attempt to stop the car. Therefore, the alarm in this case, as in the Ephland case, arose by reason of the servant's negligence.

But serious objection is made to plaintiff's first instruction in that it purports to cover the whole case and direct a verdict and yet omits to submit material issues, which were necessary to find for plaintiff under her petition. The instruction is not fairly subject to the objections stated. It is charged in the petition that the wreck was in plain view of the plaintiff and of the defendant's servants, and yet that such servants failed to stop the car. The instruction does omit any hypothesis of that allegation. But the uncontradicted evidence (and that too from each party) is that the gripman knew the wreck was ahead of him, although he stated that he could not see it on account of the fog. The meaning of the petition is to charge knowledge of the wreck on the servants. It is of no practical importance whether he saw it, or was informed of it. Plaintiff stated that she could see it (that is, a dark object, that the people giving the alarm said was a wreck) and from her statement, the gripman necessarily saw it. He, however, stated that he did not. But testified that he heard of the wreck. That is, he heard of it from the people in the street, who were endeavoring to have him stop the car and avoid what they supposed would be a collision. The evidence in behalf of each party showed, without contradiction, that there was a wreck further down the incline, that people along the street were running and crying the alarm to the gripman, that the passengers were seized with terror and began to leap from the car, and that all but one had jumped before the car stopped.

These facts appearing in the case without dispute made the omission complained of non-reversible error.

Much the same may be said of the objection as it relates to the issue of plaintiff's having seen the wreck. It is not disputed that she heard of it and that the alarm followed. So the only fault to be found in the instruction is in its assuming matters, which, with more propriety, might, perhaps, have been submitted to the jury. But all such matters were placed beyond controversy by uncontroverted facts. The instruction covered in a hypothetical way all matters, which were in reality in dispute between the parties. The negligence of defendant's servants in failing to stop the car; the apparent peril of plaintiff; the reasonableness of plaintiff's action in her situation were all properly submitted. There was no dispute as to the wreck, nor that the gripman knew it, nor that an alarm was given, nor that plaintiff and the other passengers became panic stricken and leaped from the car. It is, therefore, no cause for reversal that these things were not included as issues in plaintiff's instruction.

The court did not err in rejecting the refused instructions offered by defendant. Number 3 contained much that might have been properly given, but it was so intermingled with that, which was erroneous, that it could not be adopted by the court. It required that the danger should be found to have been apparent to other passengers than plaintiff. It improperly defined the duty of defendant's servant's as to the care they should exercise, and in this respect was inconsistent with instructions for plaintiff. And the same may be said of instruction numbered 6. What we have already said disposes of refused instructions numbered 4 and 5. It was of no consequence whether the wreck was "in *plain* view." Instruction No. 7, refused, seems to be drawn upon the idea that if plaintiff became alarmed by the action of persons on the street and other passengers

on the car, that defendant would not be liable. There is no evidence that she became alarmed from that *alone*. For it is evident the onward movement of the car towards the point of danger is what made her think she "would be killed." If the action of the persons giving the alarm and the other passengers added to plaintiff's alarm, it does not excuse the negligence of defendant's servants. [Ephland v. Railroad Co., supra; McPeak v. Railroad Co., supra.]

What we have written sufficiently disposes of any objection as to a variance between the petition and the proof, as well as to a failure of proof. A careful examination of the record satisfies us that we are without authority to interfere, and hence we affirm the judgment. All concur.